```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:18-00292

**MASON LAVIRO SCRAGG**

<u>SUPERVISED RELEASE JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On November 8, 2022, the United States of America appeared by Kathleen E. Robeson, Assistant United States Attorney, and the defendant, Mason Laviro Scragg, appeared in person and by his counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Kylee M. Boring. The defendant commenced a three (3) year term of supervised release in this action on March 9, 2022, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on June 20, 2019.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the terms of his supervised release in the following respect:  (1) on April 18, 2022, the defendant provided a urine specimen that tested positive for fentanyl; (2) on April 27, 2022, during a meeting with a United States Probation Officer in the Northern District of Ohio, the defendant admitted he used what he believed to be Percocet, that he purchased illegally, and the defendant admitted his last use of the substance occurred on April 26, 2022; (3) on or around the beginning of May 2022, the defendant entered a detox program at Neil Kennedy Recovery Center in Youngstown, Ohio, following which the defendant entered the residential substance abuse program at Neil Kennedy Recovery Center as directed by the Ohio Probation Officer, and on June 9, 2022, after missing a medicine call, the defendant was terminated from the program; (4) following the defendant's termination from the residential program, the probation officer made several attempts to contact the defendant, and the defendant failed to report to the Ohio probation officer as directed, and his whereabouts were unknown to the Probation Officer until the defendant's arrest; all as

2

admitted by the defendant on the record of the hearing and all as set forth in the petition.

After hearing counsel for the parties, the court holds the petition seeking revocation of supervised release in abeyance, and it is ORDERED that the defendant continue on his previously imposed supervised release with all the same terms and conditions heretofore along with the following additional conditions:

1. that the defendant be immediately placed at the Community Assessment and Treatment, 8415 Broadway Ave., Cleveland, Ohio  where he shall remain and participate in the Community Assessment and Treatment program for at least sixty (60) days, and follow all of the program rules and requirements, after which the defendant shall, at the discretion of the probation officer, be placed in and successfully complete a long-term residential substance treatment program, for up to 12 months, and comply with all of the program's rules and regulations;
2. that the defendant participate in mental health treatment as directed by the probation officer and take recommended prescribed medications as prescribed by the treating physician;

3

3. that the defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

It is further ORDERED that the defendant be released from custody at 10:00 a.m. on November 16, 2022.  As a further condition of supervised release, the defendant is to proceed directly to Community Assessment and Treatment, 8415 Broadway Avenue, Cleveland, Ohio, it being understood that Kay Scragg or Tara Scragg is to transport the defendant from his place of custody directly to Community Assessment and Treatment, Cleveland Ohio, on November 16, 2022.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

                        DATED:  November 15, 2022

                        John T. Copenhaver, Jr.
                        Senior United States District Judge